IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

     v.                                           No. 16-CV-00944-MCA-CG
                                                No. 11-CR-01012-MCA

LUIS OMAR VIELMAS-VALDIVIEZO,

    Defendant.


**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

      This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Luis Omar Vielmas-Valdiviezo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255, which was filed on August 16, 2016. [CV Doc. 1; CR Doc. 216] Defendant, who is proceeding *pro se*, seeks sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). For the following reasons, the Court will order Defendant to show cause why his § 2255 motion should not be dismissed as untimely.

      Defendant pleaded guilty to the crimes of conspiracy to possess with intent to distribute 500 grams and more of methamphetamine in violation 21 U.S.C. §§ 841(b)(1)(a), 846 and possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(a). [CR Docs. 38, 130] Defendant was sentenced to the custody of the United States Bureau of Prisons for a term of imprisonment of 120 months on each count, the

terms to run concurrently with each other.  [CR Doc. 130]  Judgment was entered on Defendant's conviction and sentence on December 16, 2011.  [CR Doc. 130]  Defendant did not appeal from the judgment of conviction and, therefore, his conviction became final fourteen days later.  *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. Proc. 4(b)(1)(A) (providing that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment").

Federal district courts are "'permitted, but not obliged' to review, *sua sponte*, a *federal* prisoner's § 2255 motion to determine whether it has been timely filed." *United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (unpublished) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)).  Title 28 of the United States Code, section 2255(f) imposes a one-year statute of limitation on § 2255 motions, which begins to run on the latest of:

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In *Johnson*, the United States Supreme Court recognized a new right, which has been made retroactively applicable to cases on collateral review.  *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that "*Johnson* is thus a substantive decision and so has

retroactive effect under *Teague* in cases on collateral review"). Therefore, the timeliness of Defendant's § 2255 motion is governed by § 2255(f)(3).

In *Dodd v. United States*, 545 U.S. 353 (2005), the United States Supreme Court considered whether the one-year statute of limitation in § 2255(f)(3) begins to run on "the date on which this Court 'initially recognized' the right asserted in an applicant's § 2255 motion, or whether, instead, it is the date on which right is 'made retroactive.'" *Id.* at 354-55 (alteration omitted). The Court held that the text of § 2255(f)(3) "settles this dispute" because it "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id.* at 357. Therefore, a § 2255 "applicant has one year from the date on which the right he asserts was initially recognized by this Court" to file a § 2255 motion. *Id.*

Defendant's § 2255 motion seeks relief under *Johnson*, which was decided by the United States Supreme Court on June 26, 2015. *See Johnson*, 135 S. Ct. 2551. Therefore, Defendant had one year from that date, or until June 27, 2016, to file his § 2255 motion.[1] Defendant's § 2255 motion was not filed, however, until August 16, 2016—nearly two months after the expiration of the one-year deadline.

The Court recognizes that the one-year statute of limitation in § 2255(f)(3) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 634 (2010) (holding that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling"). However, "this

---

[1] Because June 26, 2016 was a Sunday, a day on which the Clerk's Office was inaccessible, the one-year deadline was extended to Monday, June 27, 2016. *See* Fed. R. Civ. P. 6(a)(3)(A) ("Unless the court orders otherwise, if the clerk's office is inaccessible . . . on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or a legal holiday); *see also United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that "calculation issues concerning AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a)).

equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).   In light of the foregoing, the Court will afford Defendant an opportunity to explain why his § 2255 motion should not be dismissed as untimely under § 2255(f)(3).   Failure to respond to this Order, or otherwise show cause, may result in the dismissal of Defendant's § 2255 motion without further notice.

**IT IS THEREFORE ORDERED** that, within thirty (30) days of the date of this Order, Defendant shall file a response showing cause, if any, why his Petition for Writ of Habeas Corpus [Doc. 1] should not be dismissed as untimely.

_____
UNITED STATES DISTRICT COURT JUDGE